# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARY ANN JOHNSON, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:16-cv-01873-RDP |
| } | |
| BLUE ROCK PARTNERS, LLC, } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION

This case is before the court on the Motion for Summary Judgment filed by Defendant Blue Rock Partners, LLC ("Blue Rock" or "Defendant"). (Doc. # 25). The Motion is fully briefed, and Defendant has filed evidentiary submissions. (Docs. # 26, 27, 31, 32). After careful review, the court concludes that the Motion for Summary Judgment (Doc. # 25) is due to be granted.

**I.    Relevant Undisputed Facts[1]**

On August 29, 2015 around 5:00 p.m. to 5:30 p.m.,[2] Plaintiff Mary Ann Johnson ("Plaintiff") stepped into a hole as she was leaving her mailbox at the mail center of her apartment complex. (Doc. # 27-2 at p. 16, 24). Prior to the incident, Plaintiff admits that she was aware of the hole that caused her fall. (*Id.* at p. 6, 23). In fact, Plaintiff had noticed the hole

---

[1] The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are "facts" for summary judgment purposes only. They may not be the actual facts that could be established through live testimony at trial. *See Cox v. Admr. U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

The court notes that Plaintiff does not dispute any of Defendant's facts. (*See* Doc. # 31).

[2] It was daylight at the time of the incident. (Doc. # 27-2 at p. 16).

for the first time when she had previously gone to her apartment mailbox and had reported the hole to Blue Rock because she was concerned that somebody may fall into it when the grass grew up over it. (*Id.* at p. 6, 23). Later, when Plaintiff stepped into the hole, she says the grass had grown over it. (*Id.* at p. 23). After her fall, she was transported to the emergency room and was later diagnosed with a broken ankle. (*Id.* at p. 17, 35-36).

## II.  Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56 requires the non-moving party to go beyond the pleadings and -- by pointing to affidavits, or depositions, answers to interrogatories, and/or admissions on file -- designate specific facts showing that there is a genuine issue for trial. *Id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is

merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

When faced with a "properly supported motion for summary judgment, [the non-moving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson* teaches, under Rule 56(c) a plaintiff may not simply rest on his allegations made in the complaint; instead, as the party bearing the burden of proof at trial, he must come forward with at least some evidence to support each element essential to his case at trial. *See Anderson*, 477 U.S. at 252. "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 248 (citations omitted).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Sawyer*, 243 F. Supp. 2d at 1262 (quoting *Anderson*, 477 U.S. at 251-52); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999)

3

("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

## IV. Analysis

In her Complaint, Plaintiff alleges the following claims against Defendant: (1) negligence, (2) recklessness and wantonness, (3) premises liability, and (4) respondeat superior and agency. (Doc. # 1-1 at p. 3-11). On January 22, 2018, based on Plaintiff's counsel's on-the-record statement that Plaintiff was not opposing dismissal of her recklessness and wantonness claim, the court dismissed Count II of Plaintiff's Complaint. (Doc. # 30). The court will address Plaintiff's remaining claims, in turn.

### A. Premises Liability Principles Govern Plaintiff's Claims

Plaintiff argues that her negligence and premises liability claims are separate and distinct claims. (Doc. # 31). This argument fails as a matter of law.

In deciding whether a duty owed should be extracted from the general principles of negligence or premises liability under Alabama law, a court considers "whether the injury was caused by some affirmative conduct of the landowner or by a condition of the premises." *Powell v. Piggly Wiggly Alabama Distrib. Co.*, 60 So. 3d 921, 924 (Ala. Civ. App. 2010) (quoting *Baldwin v. Gartman*, 604 So. 2d 347, 349 (Ala. 1992) (internal quotations omitted). "Negligence principles are applicable when the landowner's active conduct, rather than the condition of the land, causes the injury." *Id.* In this case, it is undisputed that Plaintiff's alleged injury was caused by a defect of the land (a hole), not an affirmative act. (Doc. # 27-2 at p. 16, 24). Therefore, premises liability legal standards apply to this case. *See, e.g.*, *Baldwin*, 604 So. 2d at 348-50 (holding that standards of premises liability, not traditional negligence, governed the premises owner's duty to the plaintiff who was injured when a balanced slab fell on the plaintiff); *Shanklin v. New Pilgrim Towers, L.P.*, 58 So. 3d 1251, 1255 (Ala. Civ. App. 2010)

(applying premises liability principles to a tenant-plaintiff's negligence claim); *Douglas v. Devonshire Apartments, L.L.C.*, 833 So. 2d 72, 74 (Ala. Civ. App. 2002) (applying premises liability standards to a plaintiff's claim regarding a hole she fell into when she stepped out of a postal truck).

    **B.    Plaintiff's Negligence and Premises Liability Claims Fail Because Plaintiff Admits that She Was Aware of the Allegedly Dangerous Condition**

A tenant has the same legal rights as an invitee with respect to the common areas of an apartment complex. *Shelton v. Boston Fin., Inc.*, 638 So. 2d 824, 825 (Ala. 1994). "To recover in a premises-liability action based on a fall, a plaintiff must prove (1) that her fall was caused by a defect or instrumentality located on the defendant's premises, (2) that the fall was the result of the defendant's negligence, and (3) that the defendant had or should have had notice of the defect or instrumentality before the accident." *Shanklin*, 58 So. 3d 1251, 1255 (Ala. Civ. App. 2010) (citing *Logan v. Winn-Dixie Atlanta, Inc.*, 594 So. 2d 83, 84 (Ala. 1992). "[A]s a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care." *Baldwin*, 604 So. 2d at 350 (quoting *Grider v. Grider*, 555 So. 2d 104 (Ala. 1989); *Knight v. Seale*, 530 So. 2d 821 (Ala. 1988); and *Quillen v. Quillen*, 388 So. 2d 985 (Ala. 1980)) (internal quotations omitted). "[T]he focus of [Alabama's] premises liability law is not on the care that may have been exercised by the invitee . . . , but on relieving a premises owner of a legal liability *where an invitee knew of the danger that caused the injury* or should have observed that danger through the exercise of reasonable care." *Ex parte Industrial Distribution Servs. Warehouse*, 709 So. 2d 16, 20-21 (Ala. 1997) (emphasis added).

Here, Defendant contends that it is entitled to summary judgment because Plaintiff admits that she had actual knowledge of the hole that allegedly caused her injury. (Doc. # 26).

5

The court agrees.  Plaintiff admitted that she was aware of the hole prior to her accident and that she had complained to Defendant about the potential danger of the hole at issue, particularly if grass grew over it.  (Doc. # 27-2 at p. 6, 23).  It is undisputed that Plaintiff was aware of this hole and appreciated its potential danger; therefore, Defendant is relieved of legal liability towards Plaintiff related to this known (alleged) defect.  *See Baldwin*, 604 So. 2d at 350 (holding that a plaintiff could not recover from a premises owner when "[t]here was no reason [the plaintiff] should not have been completely aware of the danger" that ultimately caused his injury); *see also Ex parte Industrial Distribution Servs. Warehouse*, 709 So. 2d at 20-21.  Because no genuine issue as to any material fact exists in this case, Plaintiff's negligence and premises liability claims fail as a matter of law and are due to be dismissed.  *Celotex Corp.*, 477 U.S. at 322.

Plaintiff's final remaining claim alleges respondeat superior and agency.  (Doc. # 1-1 at p. 10).  There can be no agency liability without the existence of an underlying tort.  *Cf. Owens v. Lucas*, 604 So. 2d 389, 391 (Ala. 1992).  As discussed above, all of Plaintiff's other claims are due to be dismissed; therefore, Plaintiff's respondeat superior and agency claim is also due to be dismissed.  As such, Defendant's Motion for Summary Judgment is due to be granted.

**V.    Conclusion**

For all of these reasons, the court concludes that Defendant's Motion for Summary Judgment (Doc. # 25) is due to be granted.  An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this May 29, 2018.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE